UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAFAEL SANTAELLA,
    *Plaintiff*,

v.

DICK'S SPORTING GOODS, INC. *et al.*,
    *Defendants*.

No. 3:19-cv-1418 (JAM)

**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE**

Plaintiff Rafael Santaella has filed this action against defendants DICK's Sporting Goods, Inc. and Reebok International, LTD, alleging that defendants wrongfully appropriated his works of art by reproducing one of his designs on t-shirts and selling them for profit. Among other claims, Santaella alleges a violation of the Visual Artists Rights Act of 1990, 17 U.S.C. § 101 *et seq*. Defendants move to dismiss this claim as well as to strike certain allegations from the complaint. I will grant the motion to dismiss but will deny the motion to strike.

### BACKGROUND

The following facts as alleged in the complaint are accepted as true only for purposes of this ruling. Doc. #1. Santaella "is an accomplished, publicly recognized artist, having conducted many public showings, sales and other exposures of his original artwork" under the "'street artist name' of 5iveFingaz." Doc. #1 at 3 (¶ 10). Santaella is "publicly identified and known for his distinctive LOVE-MORE-THAN-EVER images," which he terms "the Design." *Ibid*. Santaella sometimes uses the Design as an identifier of his art pieces and sometimes features the Design itself as a work in full. *Id*. at 4 (¶ 11). He sells products featuring the Design online as well as at various markets and galleries. *Ibid*.

1

At some point in the summer of 2019 Santaella learned that defendants DICK's Sporting Goods and Reebok "manufactured and began selling a collection of t-shirts featuring the Design." *Id*. at 7 (¶ 12); *see also id*. at 8 (¶ 13). Defendants offered the t-shirts for sale "nationwide across the United States, and worldwide via the internet." *Id*. at 7 (¶ 12). They did so without Santaella's knowledge, authorization, or consent. *Ibid*.

Santaella has filed this lawsuit, alleging claims under the Visual Artists Rights Act ("VARA"), the Lanham Act, and the Connecticut Unfair Trade Practices Act, as well as common law theft. *Id*. at 12-15. He seeks injunctive relief, damages, and related costs. *Id*. at 15-16.

Defendants move under Fed. R. Civ. P. 12(b)(6) to dismiss the VARA claim for failure to state a claim, and they also move to strike certain paragraphs from the complaint. Doc. #13.

## DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019). The "plausibility" requirement is "not akin to a probability requirement," but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The Court need not accept allegations that couch legal conclusions in the form of factual allegations or that are otherwise conclusory. *See Hernandez*, 939 F.3d at 198. In short, my role in reviewing a motion to dismiss under Rule 12(b)(6) is to determine if the complaint—apart from any of its conclusory allegations—states enough facts to establish a facially plausible claim for relief.

VARA grants visual artists certain "moral rights" in their work. *See Castillo v. G&M Realty L.P.*, 950 F.3d 155, 163 (2d Cir. 2020) (citing 17 U.S.C. § 106A(a)). "[M]oral rights afford protection for the author's personal, non-economic interests in receiving attribution for her work, and in preserving the work in the form in which it was created, even after its sale or licensing." *Pollara v. Seymour*, 344 F.3d 265, 269 (2d Cir. 2003) (internal quotations omitted).

But VARA's protections extend only to a "work of visual art," a term that the statute defines to mean "a painting, drawing, print, or sculpture, existing in a single copy [or] in a limited edition of 200 copies or fewer that are signed and consecutively numbered by the author." 17 U.S.C. § 101(1). The complaint does not allege that the Design exists only as "a single copy" or "in a limited edition of 200 copies or fewer that are signed and consecutively numbered by the author." To the contrary, the complaint alleges that Santaella "sells products featuring the Design . . . on his on-line commerce [webs]ite, as well as at various public markets and galleries." Doc. #1 at 4 (¶ 11). These allegations negate any plausible inference that the Design exists as a single copy or limited edition as required for the Design to qualify for protection under VARA. Accordingly, I will dismiss the VARA claim with prejudice.

Defendants also move to strike certain paragraphs of the complaint on grounds that they divulge settlement discussions and improperly refer to different litigation. Doc. #13-1 at 6-8. In view that Santaella disputes that the challenged allegations disclose settlement communications, I am unable at this initial pleading stage to conclude that they are improper. Nor am I able to conclude at this initial pleading stage that the complaint's reference to separate litigation is not potentially relevant to this action. Accordingly, I will deny defendants' motion to strike without prejudice to renewal if warranted at a later stage of this litigation.

## CONCLUSION

For the reasons set forth, the Court GRANTS with prejudice defendants' motion to dismiss plaintiff's claim under the Visual Artists Rights Act of 1990, and the Court DENIES without prejudice defendants' motion to strike certain paragraphs of the complaint. Doc. #13.

It is so ordered.

Dated at New Haven this 3d day of April 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge